IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30269
_____

JERON J. LAFARGUE,

                                              Plaintiff-Appellant,

versus

JEFFERSON PARISH, LOUISIANA,

                                              Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 98-CV-3185)
_____

May 31, 2001

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

REAVLEY, Circuit Judge:*

        Jeron LaFargue appeals from summary judgment against his age discrimination

claim under the Age Discrimination in Employment Act (ADEA).  He claims that the

district court erred in concluding he failed to present substantial evidence of pretext or

discriminatory animus.  We agree.

_____

        *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

LaFargue served as Assistant Parish Attorney and Chief of Litigation for defendant-appellee Jefferson Parish, a municipality of the State of Louisiana. LaFargue claims that he was forced into retirement at age sixty-three, upon completing ten years of service with the Parish. The Parish claims that LaFargue previously made a commitment to retire at that time and that management had made plans to proceed without him. LaFargue contends that he made no such commitment. Rather, he explains, he told his supervisors that he intended to retire as soon as he was eligible to, providing he could reasonably do so financially. He later determined he could not afford to retire and informed his supervisors of his decision, but he was required to retire anyway. LaFargue then filed a timely complaint with the Equal Opportunity Employment Commission and later brought this suit.

Because LaFargue relies on circumstantial evidence of discrimination, we apply the familiar burden-shifting framework of *McDonnell Douglas*. The parties do not dispute that LaFargue has established a prima facie case of discrimination. Neither is there any serious dispute regarding the Parish's proffer of legitimate, nondiscriminatory reasons for its action. Although LaFargue argues that the Parish's reasons are invalid, this argument is properly considered at the pretext stage of the analysis. Thus, LaFargue's evidence of pretext and the ultimate issue of discriminatory animus are the focus of our review.

First, we examine the record for evidence of pretext in the Parish's articulated reasons for forcing LaFargue to retire. LaFargue argues that the Parish has given

2

changing and contradictory reasons for forcing him to retire. He claims this shiftiness is evidence that the Parish's reasons are pretextual. We agree.

Initially, in its response to LaFargue's EEOC charge, the Parish claimed that LaFargue had given notice of his intention to retire and that he could not rescind that notice without approval under Parish policy. This policy, however, does not apply to employees of LaFargue's classification. And the Parish has since abandoned this explanation.

In his deposition, head Parish attorney Tom Wilkinson testified that he required LaFargue to retire because LaFargue had promised to do so. But in its EEOC response, the Parish conceded it had no dispute with LaFargue's statement that he had told Wilkinson he intended to retire only "if the numbers were right"–that is, if he could afford to. This statement is not a promise to retire. The Parish's failure to challenge it casts doubt on Wilkinson's testimony that he was merely requiring LaFargue to keep his promise.

Wilkinson also stated in his deposition that he had "no particular reason" not to let LaFargue continue working, though he later detailed what he perceived to be problems with LaFargue's attitude and job performance. But in its motion for summary judgment and in its brief to this Court, the Parish claims that LaFargue's poor attitude and job performance serve as additional reasons for forcing him to retire. This claim does not square with Wilkinson's testimony that he had "no particular reason" not to let LaFargue continue working. The claim is also suspect because the Parish failed to mention it in the

3

EEOC response and because the Parish took no corrective or disciplinary action against LaFargue, as it normally would have done in such cases.

The Parish also justifies its action by contending that it eliminated LaFargue's position as part of an organizational restructuring. LaFargue, however, has produced testimony from a Parish employee that his job was offered to someone else at approximately the time he retired. The Parish argues that this evidence is irrelevant. First, it claims that only LaFargue's job slot, not his responsibilities, was offered to someone else. Second, it points out that the individual did not accept the position and that he was not substantially younger than LaFargue anyway. But this argument misses the mark. LaFargue has produced testimony that his job, including the title Chief of Litigation, was offered to someone else. In addition, it is undisputed that the Parish hired two additional attorneys within months of LaFargue's departure. At a minimum, this evidence raises a fact question as to the credibility of the Parish's claim that the job had been eliminated.

Since we have decided that LaFargue has presented sufficient evidence of pretext, we must determine whether he has also presented sufficient evidence on the ultimate issue of discriminatory animus. LaFargue argues that the evidence of pretext, together with his prima facie case, is sufficient in this case. We agree. A trier of fact could

4

reasonably infer from the evidence of pretext that the Parish's explanations are an attempt to cover up discriminatory intent.[1]

The Parish argues that LaFargue is not entitled to any damages even if it did violate the ADEA. Immediately after LaFargue left on his last day, the Parish alleges, it discovered he had mishandled a case.[2] Had he not retired, the Parish claims, it would have fired him on the spot for that mistake.

We agree that LaFargue's right to damages would be limited to some degree if the Parish could establish that it would have fired him immediately on these grounds alone.[3] But LaFargue contends that he acted reasonably and points out that the Parish did not fire the other attorney involved in the case, a Parish employee who shares at least some of the blame. We hold once again that LaFargue has presented sufficient evidence to create a question of fact. Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED for trial.

---

[1] *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000) ("[O]nce the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.").

[2] The Parish alleges that LaFargue instructed a relatively new attorney to enroll as counsel of record in a case which should have been assigned to outside counsel. Apparently, the attorney made a costly mistake in the litigation.

[3] *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995).